UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 13-30001 |
| | ) | Chapter 7 |
| FRANCIS MARTIN LANGAN | ) | |
| SSN/ITIN xxx-xx-0899 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ACCOUNTS MANAGEMENT, INC. | ) | Adv. No. 13-3003 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | |
| FRANCIS MARTIN LANGAN, | ) | DECISION RE:  DEFENDANT TOBIN'S |
| DEBRA RAWLINS, | ) | MOTION TO DISMISS [UNDER] RULE 12(b) |
| TOM D. TOBIN, | ) | |
| and MARC S. FEINSTEIN | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Defendant Tom D. Tobin's Motion to Dismiss

[under Fed.R.Civ.P.] 12(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052.  For

the reasons discussed below, the Court will grant the motion.

Summary of Material Facts

Beginning in February 2009, Anna Langan received residential medical care from

Avera Rosebud Country Care Center.  She and her husband, Francis Martin Langan,

held joint assets that rendered her ineligible for Medicaid assistance.  The Langans

made only one payment to Avera Rosebud County Care Center, although Anna Langan

received both Social Security and a small pension.  When she died several months

later, she had a large unpaid obligation to Avera Rosebud County Care Center.

After Anna Langan's death, Francis Martin Langan ("Debtor") filed a chapter 7 petition in bankruptcy.  Creditor Accounts Management, Inc. ("AMI"), an assignee of Avera Rosebud Country Care Center, commenced this adversary proceeding against Debtor and three others seeking a determination, by amended complaint (doc. 12), that its pre-petition claim against Debtor is nondischargeable under several subsections of 11 U.S.C. § 523(a).[1]  AMI's amended complaint is premised on allegations that Debtor failed to pay for his wife's care, even though Debtor had assets to do so, including his wife's monthly income, to which he had access as her fiduciary.  AMI also alleges Debtor manipulated assets, including real property and the proceeds from the sale of real property, in an effort to secure Medicaid coverage for his wife's care. AMI alleges the other defendants, Attorneys Tom D. Tobin and Marc S. Feinstein[2] and Debtor's niece, Debra Rawlins, participated in these asset manipulations.  AMI wants Attorney Tobin to repay the bankruptcy estate for fees he received from Debtor for legal services regarding the disputed asset manipulations; it wanted Attorney Feinstein to repay the bankruptcy estate for legal fees received after November 19, 2009, when the South Dakota Department of Social Services denied Medicaid coverage for Anna Langan; and it wants Defendant Rawlins to repay the bankruptcy estate $6,145.00

---

[1]Debtor paid AMI $28,000.00 in settlement of a pre-petition collection action AMI had brought in state court.  Trustee Forrest C. Allred's action against AMI to avoid that transfer, Adv. No. 13-3001, is pending.

[2]On AMI and Debtor's joint motion, Defendant Feinstein was dismissed from this adversary proceeding on September 26, 2013 (doc. 25).

for a "discount" she received from Debtor when he assigned a contract for deed to her.

Defendant Tobin moved to dismiss AMI's amended complaint against him under Fed.R.Civ.P. 12(b), alleging it was not filed timely, the debt has already been discharged, and 11 U.S.C. § 523 is not applicable to him because he is not a debtor in bankruptcy seeking a discharge (doc. 19).  Defendant Tobin also argued, without elaboration, AMI failed to include Trustee Allred as an indispensable party.  In its response to Defendant Tobin's motion to dismiss, AMI provided some statutes and case law in support of its amended complaint (doc. 21).  The matter was taken under advisement.

## Fed.R.Civ.P. 12(b)

Federal Rule of Civil Procedure 12(b) is applicable in adversary proceedings.  Fed.R.Bankr.P. 7012.  Rule 12(b) provides a party may assert, by motion, certain defenses, including the failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  When that defense is raised, the Court considers the plaintiff's factual allegations as true and affords the plaintiff all reasonable inferences from those allegations.  *Butler v. Bank of America, N.A.*, 690 F.3d 959, 961 (8th Cir. 2012).  To survive dismissal under Rule 12(b)(6), the complaint must

> "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, [556] U.S. [662], 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer

-3-

possibility." *Id*. It is not, however, a "probability requirement." *Id*. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Several principles guide us in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true. *Id*. at 1949–50. This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action"; such allegations may properly be set aside. *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955;) *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2009).

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009), quoted in *Vang v. PNC Mortg., Inc.*, 517 Fed.Appx. 523, 525-26 (8th Cir. 2013).

Discussion

The several subsections of 11 U.S.C. § 523(a) set forth the types of claims that may be excepted from a debtor's discharge. Defendant Tobin is not a debtor in bankruptcy, and he is not seeking a discharge of any claims against him. Therefore, Defendant Tobin is correct that § 523(a) does not create any cause of action against him, and his motion to dismiss will be granted. If AMI has a claim against Defendant Tobin, neither Debtor's discharge nor § 523(a) impacts that claim.[3]

---

[3]This adversary proceeding also does not impact any avoidable transfer action Trustee Allred may bring against Defendant Tobin.

An order dismissing AMI's amended complaint as to Defendant Tobin will be entered.[4]

Dated: October 18, 2013.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**NOTICE OF ENTRY**
**Under Fed.R.Bankr.P. 9022(a)**

**This order/judgment was entered**
**on the date shown above.**

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

---

[4] While Defendant Tobin requested costs in his motion to dismiss, he has not filed a separate motion under Fed.R.Bankr.P. 9011(c).  Accordingly, that issue is not addressed herein.